Walter A. Lynch, J.
Plaintiff moves for a temporary injunction restraining the defendant, Allen-Sutera Inc., from unfair competition "with plaintiff in the manner described in the order to show cause; restraining the defendant, New York *769 Telephone Company, from accepting for publication from defendant Allen-Sutera Inc., or thereafter publishing any advertisement or telephone listing for said defendant which contains the words ‘ ‘ Bota Booter ’ ’ or any word or phrase which so closely resembles the trade-marked name “Boto Booter ” as to be calculated to cause confusion in the public mind; and directing the said defendant, New York Telephone Company, forthwith to cause all telephone calls placed for the telephone number listed in the alleged infringing advertisement of the defendant, Allen-Sutera Inc., currently appearing in the 1957 edition of the classified telephone directory, to be connected with the telephone maintained by the Boto-Booter Sewer Service.
The plaintiff, Boto-Booter Service, Inc., is the exclusive licensee or franchise holder of the plaintiff, Boto-Booter Corporation in the Counties of Bronx, New York, Kings, Queens, Nassau and Suffolk, State of New York. The individual plaintiffs are the sublicensees of the plaintiff, Boto-Booter Service, Inc., in Kings County. The plaintiff, Boto-Booter Corporation, an Iowa corporation, is the manufacturer of certain sewer and drain pipe machines, known as Boto-Booter machines and is the owner of the trade-marked name Boto-Booter which was registered in the United States Patent Office in 1937 under United States Trade-Mark No. 344958. These Boto-Booter machines are available for use only in exclusive territories allocated to the licensees or franchise holders of Boto-Booter Corporation and the use of the trade-marked name Boto-Booter is granted to the licensee in the sewer or drain pipe cleaning business within the allocated area. Since 1941 the plaintiff, Boto-Booter Service, Inc., has been the exclusive licensee of the coplaintiff corporation for the areas of Bronx, New York, Kings, Queens, Nassau and Suffolk Counties and during the past 10 years has expended approximately $43,700 in advertising the name Boto-Booter and the reliability and efficiency of the Boto-Booter Service. In the last year it has expended approximately $7,000 per month for advertising Boto-Booter Service in and about the city of New York. For two years it has sponsored daily 15 minutes of television on one of the New York City television channels. In addition plaintiff, Boto-Booter Corporation, has conducted a campaign in national magazines advertising Boto-Booter services. It is acknowledged by defendant, Allen-Sutera Inc., that for many years Boto-Booter Service, Inc., advertised in the annual editions of the classified directories of the defendant, New York Telephone Company, published for Bronx, Kings, Nassau, New York and Queens Counties under the “ Plumbers ” section and the *770 “ Sewer ” section of each directory. In the last year or so, for reasons that are not here material, the advertising of RotoRooter Service in the classified directories of Bronx, Kings, New York and Queens has been restricted to the Sewer Section, though unrestricted in Nassau.
The defendant, Allen-Sutera Inc., is a plumbing company, licensed to do business in New York City. It was organized in 1949 and is engaged in the installation, alteration and repair of plumbing fixtures, including waste lines and the cleaning of sewers and drains and the removal of obstructions therefrom. Its place of business is in Kings County. Although defendant, Allen-Sutera Inc., has carried two business advertisements in the Bangs County classified telephone directory, one in the “Plumber” section and the other in the “Sewer” section without grounds for complaint, in the 1957 edition it incorporated in bold type the words ‘ ‘ Rota-Rooter ’ ’ in its advertisements in the “ Plumber ” and “ Sewer ” sections of the classified telephone directory for Kings County which simulated the advertisement of the plaintiff, the Service Company, which bold-type the trade-marked name of Roto-Rooter. One can hardly be so naive as to believe that it was mere happenstance that the phrases “ Written Guarantee” and “No Charge If We Fail ” appeared in the classified advertisements of plaintiff, Roto-Rooter Service, Inc., and of the defendant, AllenSutera Inc.
Motion is granted insofar as it seeks an injunction pendente lite against defendant, Allen-Sutera Inc., and is denied as to defendant, New York Telephone Company. An order may be settled placing the cause on the General Equity Calendar for the 3d day of June, 1957, on the service and filing of a note of issue on the payment of the proper fees. The statement of readiness is dispensed with.